UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE: WEBER MARINE, INC., AS OWNER
AND OPERATOR OF THE M/V WESLEY S           CIVIL ACTION
PRAYING FOR EXONERATION FROM
AND/OR LIMITATION OF LIABILITY             NO. 05-916-JJB-CN

## RULING

This matter is before the Court on a motion for summary judgment (doc. 91) filed by Claimants, Cooper/T. Smith Stevedoring Co., Inc. ("CTS"), and American Longshore Mutual Association, Ltd. ("ALMA"). Complainant, Weber Marine, Inc. ("Weber"), filed an opposition (doc. 93), and Claimants filed a reply (doc. 100). Complainant also filed a cross motion for summary judgment. (Doc. 96).[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1333. There is no need for oral argument. For the following reasons, the Court GRANTS Claimants' motion for summary judgment (doc. 91) and DENIES Complainant's motion for summary judgment (doc. 96).

## BACKGROUND

In April 2000, Weber signed an agreement ("Time Charter Agreement") with CTS, whereby CTS would pay Weber for vessel services provided between mile markers 172 and 181 of the lower Mississippi River. On January 25, 2005, CTS employee Lawrence Bennett was injured while on the M/V WESLEY S, a vessel owned and operated by Weber. CTS paid Bennett indemnity and medical compensation benefits, pursuant to the Longshore and Harbor Workers' Compensation Act. 33 U.S.C. § 901, *et seq.* Weber filed a limitation of liability proceeding in June 2005, and CTS filed a claim against Weber in February 2010 seeking indemnification for its payments to Bennett. CTS claims the Time Charter Agreement requires Weber to indemnify CTS for

---

[1] This decision disposes of CTS' motion to strike. (Doc. 98.)

1

any costs, losses, or damages from injury to CTS employees aboard the M/V WESLEY S. Weber argues it is not liable for Bennett's injuries because the M/V WESLEY S is not covered by the Time Charter Agreement.

## SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the Court considers any disputed or unsettled facts in the light most favorable to non-movant, non-movant may not merely rest on allegations set forth in its pleadings. Instead, non-movant must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy non-movant's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex*, 477 U.S. at 322; *see also* Fed. R. Civ. P. 56(c).

## LAW AND ARGUMENT

Where a written agreement is so worded that it can be given a certain definite legal meaning or interpretation, then it is not ambiguous, and the court will construe the contract as a matter of law. *Breaux v. Halliburton Energy Serv.*, 562 F.3d 358, 364 (5th Cir. 2009). Maritime law allows one party to indemnify another party from its own negligence so long as the intent is clearly and unequivocally expressed. *Randall v.*

*Chevron, U.S.A., Inc.*, 13 F.3d 888, 905-06 (5th Cir. 1994); *Stoot v. Fluor Drilling Serv.*, 851 F.2d 1514, 1517 (5th Cir. 1988).

The central issue disputed by both parties is whether the Time Charter Agreement covers the M/V WESLEY S.  The Time Charter Agreement specified only three vessels: the M/V COASTAL, M/V INSPECTOR, and M/V MISS MONICA, but it allowed Weber to "substitute a comparable vessels [sic] for the designated three full-time vessels subject to CTS' prior consent to such substitution."[2]  Weber muddies the water by arguing that any substitution of vessels by Weber constitutes an amendment to the agreement under the quoted language and therefore is valid only if in writing.[3]  Because there is no written agreement to amend the Time Charter Agreement, Weber argues there is no proof of consent that would allow the M/V WESLEY S to fall under the scope of the Time Charter Agreement.

Weber's argument is not persuasive, and, taking all disputed facts in favor of Weber, no reasonable juror could find otherwise.  According to the plain language of the agreement, in order for Weber to substitute a comparable vessel, it must obtain consent.  The plain language does not require an amendment and does not require the consent be in writing.  Because other provisions explicitly specify instances that require writing,[4] the lack of such a requirement in the substitution provision evidences that written consent is not necessary.  To the contrary, the substitution clause in the Time Charter Agreement provided a simple method for vessel substitution without requiring a formal amendment.  When Weber began using the M/V WESLEY S, Weber was not

---

[2] Opp'n to Mot. for Summ. J. by Cooper/T. Smith Stevedoring Co., Inc., and American Longshore Mutual Association, Ltd. 3 (doc. 93)
[3] Id. Ex. 1 21
[4] Id.

3

acting in a manner requiring an amendment to the agreement—it was merely acting in accordance with a clear, unambiguous term included in the very first paragraph of the agreement.

Second, there is no genuine issue of material fact regarding whether CTS consented to the M/V WESLEY S' substitution. CTS offered invoices showing payment to Weber for the service of the M/V WESLEY S, and Weber neither denied that these invoices evidenced consent, nor rebutted CTS' claim with evidence of its own. Thus, the Court finds no genuine dispute of material fact over whether CTS consented to Weber's substitution of the M/V WESLEY S. *Cf. Taita Chem. Co., Ltd., v. Westlake Styrene Corp.*, 246 F.3d 377, 387-88 (5th Cir. 2001) (finding genuine issue of material fact when non-moving party presented evidence showing it objected to the charged price, even though it fully paid fourteen invoices). Thus, no reasonable juror could find CTS did not consent to the substitution of the M/V WESLEY S.

Because Weber substituted the M/V WESLEY S in accordance with the clear, unambiguous language of the Time Charter Agreement, Weber is liable to CTS for "any and all . . . costs, damages, or expenses relating from bodily injury . . . of employees of . . . CTS or their affiliated companies" under the Time Charter Agreement's indemnity provision.[5] The Time Charter Agreement also requires that Weber pay all reasonable costs and attorneys' fees.[6] Thus, the Court finds Weber liable for indemnity, including attorneys' fees and costs of litigation under the Time Charter Agreement, and does not address parties' additional arguments regarding the 1994 indemnification agreement.

---

[5] Id. Ex. 1 12 (doc. 93)
[6] Id. at 19

## CONCLUSION

Because there is no genuine issue of material fact regarding Weber's liability to CTS, CTS' motion for summary judgment (doc. 91) is hereby GRANTED and Weber's cross motion for summary judgment (doc. 96) is hereby DENIED. CTS' motion to strike (doc. 98) is, therefore, moot.

Signed in Baton Rouge, Louisiana, on July 19, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**